IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

KERTHA D. ADAMS,                    *

    Plaintiff,                   *

    v.                            *        CIVIL NO.: WDQ-11-2408

MARYLAND MANAGEMENT COMPANY,        *

    Defendant.                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Kertha[1] D. Adams, *pro se*, sued Maryland Management Company ("Maryland Management") for violations of Title VII of the Civil Rights Act of 1964.[2] Pending are Maryland Management's motions to dismiss under Fed. R. Civ. P. 37(d)(3) and 41(b). Also pending is Adams's motion for appointment of counsel. For the following reasons, Maryland Management's motions to dismiss will be granted. Adams's motion to appoint counsel will be denied as moot.

---

[1] In the complaint, Adams spells her first name as "Kertha," and the docket reflects this spelling. *See* ECF No. 1 at 1. In other documents, however, she spells her name as "Kerthia." *E.g.*, ECF Nos. 1-2, 1-3, 25.

[2] 42 U.S.C. §§ 2000e *et seq.*

I.  Background[3]

On August 26, 2011, Adams, an African-American woman, filed suit, alleging that Maryland Management had discriminated against her on the basis of her race. ECF No. 1. On December 29, 2011, Maryland Management answered. ECF No. 6. The next day, the Court issued a scheduling order. ECF No. 7.

Adams's deposition was scheduled for April 13, 2012 at 3:30 p.m. See ECF No. 15-2. Maryland Management has asserted that Adams was "a few minutes late and advised that she had to leave at 4:00 p.m." ECF No. 12 at 1. As the deposition could not be completed within that time, it was not held. ECF No. 15-1 at 2.

On April 16, 2012, Adams emailed Bryan O'Keefe, Esquire, counsel for Maryland Management, stating that he would be contacted by her attorney before April 23, 2012. ECF No. 27-2. The same day, she emailed O'Keefe that she had "been advised to tell your company not to contact me again," and had been misinformed about the length of the deposition. ECF No. 15-2. O'Keefe was not contacted by an attorney for Adams. See ECF No.

---

[3] The facts are drawn from Maryland Management's filings with the Court and its counsel's communications with Adams. Adams has not opposed any sanctions motion, except to claim indigency regarding the award of attorneys' fees; the facts are thus not in dispute. The standard for reviewing the facts for a dismissal under Rule 12 is inapplicable; accordingly, the facts are not viewed in the light most favorable to Adams. See Koehler v. Dodwell, 215 F.3d 1319 (table), 2000 WL 709578, at *4 (4th Cir. 2000); cf., e.g., Brockington v. Boykins, 637 F.3d 503, 505 (4th Cir. 2011) (standard for 12(b)(6) motions).

15-1 at 2. On April 17, 2012, the discovery deadlines were postponed by 60 days because of the problems scheduling the deposition. ECF No. 14.

On April 26, 2012, O'Keefe emailed Adams in an attempt to reschedule the deposition. ECF No. 15-3. In the same email, he sent Adams requests for production of documents and continuing interrogatories. *See* ECF No. 23-2. On May 1 and May 7, 2012, O'Keefe emailed Adams and threatened to move to compel if she did not comply. ECF Nos. 15-4, 15-5. On May 10, 2012, Maryland Management filed its motion to compel. ECF No. 15. Adams did not respond.

On June 1, 2012, O'Keefe emailed Adams that the time to produce documents and respond to the interrogatories had passed. ECF No. 23-3. On June 4, 2012, Adams provided six documents. *See* ECF No. 23-1 at 2. On June 6, 2012, O'Keefe emailed Adams that she had not identified the requests to which the documents were responsive and those for which she had no documents. ECF No. 23-4 at 3. He advised Adams that if she did not clarify, provide additional documents, or respond to the interrogatories, he would file a motion to compel. ECF No. 23-4 at 4-5.

On June 7, 2012, Magistrate Judge Susan K. Gauvey granted the motion to compel the deposition and ordered Adams to appear

on June 22, 2012, at 10:00 a.m.[4] ECF No. 21. The Order informed Adams that if she failed to attend the deposition, her case could be dismissed. *Id.* It also invited Maryland Management to submit documentation of its fees for an award, which Adams could contest. *Id.*

On June 11, 2012, Maryland Management filed a motion to compel Adams to answer its first set of continuing interrogatories. ECF No. 23. On June 13, 2012 the schedule was again extended by 60 days because of continuing discovery difficulties. ECF No. 24; *see* ECF No. 22. Also that day, Adams sought appointment of counsel and opposed the grant of attorneys' fees because of her indigency. ECF No. 25. On June 15, 2012, Maryland Management filed a statement of its costs and attorneys' fees. ECF No. 26.

On June 21, 2012, Adams emailed O'Keefe that her job did not approve her request for time off for the June 22 deposition scheduled by Judge Gauvey.[5] ECF No. 27-3. She did not attend the deposition. ECF No. 27-1 at 3. On July 2, 2012, Maryland Management moved for dismissal of the case under Fed. R. Civ. P.

---

[4] The Order permitted the parties to agree to a different date and time before July 5, 2012. ECF No. 21.

[5] This email refers to an unspecified, substitute date proposed by O'Keefe, but Adams says that date was also not an option. *See* ECF No. 27-3.

37(d)(3) and 41(b) for her failure to comply with her discovery obligations. ECF No. 27. Adams did not respond.

On October 12, 2012, Judge Gauvey ordered Adams to pay $200 in attorneys' fees, emphasizing that "<u>this</u> time" her limited financial circumstances justified a lesser amount than otherwise warranted. ECF No. 28 at 2. The same day, Judge Gauvey ordered Adams to "submit complete answers to the pending interrogatories" by October 26, 2012, and informed Adams that failure to comply could result in dismissal of the case. ECF No. 29. Adams did not provide any answers. ECF No. 30-1 at 3. On November 21, 2012, Maryland Management again moved to dismiss under Rules 37(d)(3) and 41(b). ECF No. 30. Adams did not respond.

II. Analysis

    A.   Maryland Management's Motions to Dismiss

Maryland Management seeks dismissal under Fed. R. Civ. P. 37(d)(3) and 41(b). ECF Nos. 27, 30. Adams has not responded.

        1.   Rule 37(d)(3)

Under Rule 37(d)(3), a party may be sanctioned for failure to attend her own deposition or provide answers to interrogatories. Proper sanctions include dismissal of the action. <u>See</u> Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(3).

To impose sanctions under Rule 37(d), the Court must consider: (1) whether Adams acted in bad faith; (2) the amount

of prejudice her noncompliance caused Maryland Management; (3) "the need for deterrence of th[is] particular sort of noncompliance"; and (4) "the effectiveness of less drastic sanctions." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989).

Adams has acted in bad faith. She did not fully provide responsive documents in the manner prescribed by the Rules and requested by Maryland Management. See ECF No. 23-4 at 3. Further, Adams has violated two court orders to attend her deposition and answer interrogatories. See ECF Nos. 21, 29. Her "indifference and disrespect to the authority of the court" shows her bad faith. *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93.

With respect to the second factor, Maryland Management has been prejudiced. Adams's conduct has caused Maryland Management to file numerous motions with the Court.[6] Citing her failure to attend her deposition, answer interrogatories, and respond to document requests, Maryland Management also asserts that it cannot file dispositive motions[7] because it has not obtained material information from Adams. See ECF No. 30-1 at 4. "The

---

[6] Maryland Management has filed two motions to modify the scheduling order, ECF Nos. 13, 22, two motions to compel, ECF Nos. 15, 23, a motion for attorneys' fees, ECF No. 26, and two motions to dismiss, ECF Nos. 27, 30.

[7] The original deadline for dispositive motions was May 14, 2012. ECF No. 7 at 2.

purpose of pre-trial discovery is for a litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available." *Middlebrooks v. Sebelius*, No. PJM-04-2792, 2009 WL 2514111, at *3 (D. Md. Aug. 13, 2009). Adams has frustrated this purpose.

Adams's disregard of multiple court orders is conduct that must be deterred. "Violating court orders to appear for deposition [and] failing to provide written discovery responses . . . go to the heart of the court process and totally inhibits a just resolution of disputes." *Middlebrooks*, 2009 WL 2514111, at *3.

Finally, less drastic sanctions have proven ineffective. Adams has previously been ordered to pay $200 in attorneys' fees and costs.[8] ECF No. 28. Thereafter, she failed to comply with the order to respond to the interrogatories. *See* ECF No. 30-1 at 3. Adams has been warned that her case may be dismissed if she continued not to comply with her discovery obligations. *See* ECF Nos. 21, 29. Dismissal of this case with prejudice under Rule 37(d)(3) is warranted. *See Mut. Fed. Sav. & Loan*, 872 F.2d at 92.

### 2. Rule 41(b)

Under Rule 41(b), a defendant may move to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with

---

[8] The record does not indicate whether Adams has paid the award.

these rules or a court order." Fed. R. Civ. P. 41(b). For dismissal under Rule 41(b), the Court considers: (1) Adams's degree of personal responsibility; (2) the amount of prejudice to Maryland Management; (3) whether Adams has a "drawn out history of deliberately proceeding in a dilatory fashion"; and (4) "the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r*, 916 F.2d 171, 174 (4th Cir. 1990).

The second and fourth factors are the same as for Rule 37(d)(3) and favor dismissal. *See supra* Part II.A.1. As a *pro se* plaintiff, Adams is responsible for her failures to comply with the Rules and court orders; this meets the first factor. *See Arnett v. Prince George's County*, Civil No. AW-02-3861, 2004 WL 3313218, at *2 (D. Md. July 24, 2004).

Adams is also responsible for significant delay in this case. The discovery schedule has twice been delayed by 60 days because of her noncompliance. ECF Nos. 14, 24. Adams stated that O'Keefe would be contacted by her unidentified attorney within a week; this did not happen. *See* ECF No. 27-2. The evening before her court-ordered deposition, Adams informed O'Keefe that she could not attend because of work; she never rescheduled. *See* ECF No. 27-3. Adams further ignored the court-ordered deadline to answer the interrogatories by October 26, 2012, six months after she was initially served, and well

after the usual 30 day period. *See* ECF No. 29; Fed. R. Civ. P. 33(b)(2). Adams's conduct and her disregard for the Court's orders and the Rules establish a history of delay. *See Claitt v. Newcomb*, 943 F.2d 48 (table), 1991 WL 181134, at *2 (4th Cir. 1991). Maryland Management is entitled to dismissal under Rule 41(b). The motions to dismiss will be granted.

B.   Adams's Motion for Appointment of Counsel

Because this case will be dismissed with prejudice, Adams's motion will be denied as moot.[9]

III. Conclusion

For the reasons stated above, Maryland Management's motions to dismiss will be granted. Adams's motion for appointment of counsel will be denied as moot.

\_\_1/10/13_____        \_\_\_\_\_/s/_____
Date                         William D. Quarles, Jr.
                             United States District Judge

---

[9] The Court notes that Adams appears competent to handle this litigation; much Title VII litigation is adequately conducted *pro se*. Adams's problem was not her inability to comprehend legal technicalities, but her refusal to comply with clear, explicit directions from the Court.